1
2
3
4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    SHEILA MASON,                              Case No. 17-cv-02542-JST

8                  Plaintiff,

9           v.                                  **ORDER GRANTING MOTION TO
                                                ENFORCE SETTLEMENT**
10   MEDIFIT CORPORATE SERVICES, INC.           Re: ECF No. 43
     DBA EXOS,
11
                   Defendant.
12

13          Before the Court is Defendant MediFit Corporate Services, Inc.'s motion to enforce

14   settlement.  ECF No. 43.  The Court will grant the motion.

15   **I.     BACKGROUND**

16          Plaintiff Sheila Mason brought this discrimination and wage-and-hour action against her

17   former employer, Defendant MediFit.  The parties attended a mediation with a court-appointed

18   mediator on November 16, 2017.  ECF No. 43-1 ¶ 3.  The mediator presented to the parties a

19   written mediator's proposal that provided for a payment by MediFit to Mason within thirty days of

20   acceptance, allowed Plaintiff to "designate a reasonable portion of this amount as compensation

21   for emotional distress damages," and stated that "defendant shall not bear any risk of a taxing

22   authority overturning such designation."[1]  ECF No. 43-2.  The proposal further provided that

23   "Defendant will provide plaintiff an acceptable letter of reference for her use in seeking new

24   employment, and it will designate an individual in a management position to be the only contact

25   person for potential employers seeking a reference for basic information regarding plaintiff."  *Id.*

26   The proposal provided for "mutual general releases" and stated that its "terms, if acceptable to the

27   parties, shall be binding, and either party can move to enforce these terms pursuant to California

28   ───────────────────────
     [1] The amount of the settlement is confidential and has been filed under seal.

United States District Court
Northern District of California

Code of Civil Procedure section 664.6."[2]  *Id.*  The proposal advised the parties that, "[i]f the terms of this Proposal are acceptable, please sign below where indicated.  If the terms of this Proposal are not acceptable, *do not sign below*, and indicate to the Mediator that you do not agree to this Proposal."  *Id.* (emphasis in original).  Both parties signed the proposal.  *Id.*

Mason has filed a declaration stating that she and her attorney "told the mediator . . . that, as a term of any settlement I be reemployed by Defendant.  The mediator then conveyed to us Defendant's response to my proposal, namely that Defendant would not agree to reemploy me as a term of any settlement, but that I was free to apply online for any positions that Defendant was seeking to fill."  ECF No. 53 ¶ 3.  She states that this "response was unsatisfactory to me in that it did not provide me with any guarantee that Defendant would reemploy me, or even consider openmindedly any online application that I might submit."  *Id.*  Nonetheless, she "signed the Mediator's Proposal in the belief that it was merely a preliminary outline of points of agreement to be included in a full settlement agreement.  I therefore hoped that a more favorable provision regarding my reemployment by Defendant might still be negotiated in a full settlement agreement."  *Id.* ¶ 4.

After Mason signed the mediator's proposal, MediFit's counsel presented her with a proposed written settlement agreement that incorporated the terms of the mediator's proposal but included additional terms, including that Mason agree not to apply for reemployment by MediFit.  *Id.* ¶ 5.  The proposed agreement included a provision that Mason "had 21 days to think further about whether or not I wanted to settle along the lines presented in their draft."  *Id.*  Mason opted not to sign the proposed agreement.[3]  *Id.*

Within thirty days after the parties signed the mediator's proposal, MediFit sent Mason a

---

[2] Section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.  If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."  Cal. Code Civ. Proc. § 664.6.

[3] Mason states that she "was quite fatigued and no longer able to think clearly when, at the nearly the end of this day-long mediation session, I was presented in rather rapid succession with the Mediator's Proposal and then Defendant's draft of a full settlement agreement."  ECF No. 53 at 3 n.3.  However, she does not argue that the signed mediator's proposal should be voided based on this assertion.

2

1  check and the reference letter described in the proposal. ECF No. 43-1 ¶ 7; ECF No. 43-4.

2  Because Mason did not designate an amount of the payment she wished to be considered as

3  compensation for emotional distress damages, MediFit processed the entire payment as if it were

4  "subject to W-2 withholdings." ECF No. 43-4 at 1. MediFit also designated its People Operations

5  Shared Services Manager as the appropriate point of contact for potential employers. *Id.* at 4.

6        Mason has not cashed the check. She argues that there is no settlement in this case because

7  she did not sign the proposed agreement drafted by MediFit. MediFit moves to enforce the terms

8  of the signed mediator's proposal and to dismiss this case.

9  **II.     LEGAL STANDARD**

10        A district court may "enforce summarily an agreement to settle a case pending before it.

11  However, the district court may enforce only *complete* settlement agreements. Where material

12  facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be

13  allowed an evidentiary hearing." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations

14  omitted). Ordinary contract principles apply to the "construction and enforcement of settlement

15  agreements." *Jeff D. V. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). "Under California law, the

16  intent of the parties determines the meaning of the contract. The relevant intent is 'objective' –

17  that is, the intent manifested in the agreement and by surrounding conduct – rather than the

18  subjective beliefs of the parties." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962

19  F.2d 853, 856 (9th Cir. 1992) (citations omitted).

20  **III.    DISCUSSION**

21        The parties do not dispute that they each signed the mediator's proposal. Nor do they

22  dispute the contents of the proposal, including the provision that the terms listed in the proposal

23  shall be binding if accepted by the parties. Indeed, both parties submitted the same signed

24  mediator's proposal as part of their briefing. ECF No. 43-2 (MediFit); ECF No. 53 at 5 (Mason).

25  Consequently, there is "no need for an evidentiary hearing on whether an agreement existed, or

26  what its terms were." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138-39 (9th Cir. 2002).

27        Mason contends that the signed document cannot be enforced because it is not a complete

28  settlement agreement. In particular, she argues that the signed mediator's proposal failed to

3

1    address two material terms: the amount of the payment that would be subject to W-2 withholdings

2    and "whether or on what basis Mason might be reemployed by Medifit." ECF No. 52 at 3-4. Her

3    arguments are not persuasive.

4         The Ninth Circuit has explained that

5             a term may be "material" in one of two ways: It may be a necessary
             term, without which there can be no contract; or, it may be an

6             important term that affects the value of the bargain. Obviously,
             omission of the former would render the contract a nullity. But a

7             contract that omits terms of the latter type is enforceable under
             California law, so long as the terms it does include are sufficiently

8             definite for a court to determine whether a breach has occurred,
             order specific performance or award damages. This is not a very

9             demanding test . . . .

10   *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037-38 (9th Cir. 2011). As in

11   *Facebook*, the agreement here "easily passes" that test. *Id.* at 1038. The document provides that

12   MediFit will pay Mason a certain amount within 30 days, provide a letter of reference, and

13   designate a manager to be the only contact person for potential employers seeking a reference. In

14   return, Mason will release all claims, including a waiver of California Civil Code section 1542.[4]

15   These terms are "sufficiently definite . . . to determine whether a breach has occurred, order

16   specific performance or award damages." *Id.* Neither of the terms raised by Mason necessitates

17   that "there can be no contract"; to the contrary, they go only to "the value of the bargain." *Id.* at

18   1037.

19        If the terms were "crucial and material to [the] end bargain," Mason – who was advised by

20   counsel throughout these proceedings – would have placed those terms on the record. *U.S.*

21   *E.E.O.C. v. Hosp. Housekeeping Sys. of Houston, Inc.*, No. 1:11-CV-1658-LJO-SAB, 2013 WL

22   5817726, at *7 (E.D. Cal. Oct. 29, 2013), *report and recommendation adopted sub nom. E.E.O.C.*

23   *v. Hosp. Housekeeping Sys. of Houston, Inc.*, No. 1:11-CV-1658-LJO-BAM, 2013 WL 6134175

24   (E.D. Cal. Nov. 21, 2013). Mason proposed reemployment by MediFit as a term of the settlement,

25   and MediFit rejected that proposal. ECF No. 53 ¶ 3. The mediator's proposal did not include any

26

27   ──────────────
     [4] Section 1542 provides that "[a] general release does not extend to claims which the creditor does
     not know or suspect to exist in his or her favor at the time of executing the release, which if known

28   by him or her must have materially affected his or her settlement with the debtor." Cal. Civ. Code
     § 1542.

     4

1    term regarding reemployment, and Mason could have chosen not to sign the proposal if she did

2    not want to be bound by its terms.  But she chose to sign the proposal, which explicitly stated that

3    its terms would be binding.  She "now believes the terms of the . . . settlement are not as

4    comprehensive as [she] would like, but after-settlement revisions cannot alter the terms agreed to

5    at the settlement conference.  A dispute over additional nonmaterial terms does not alter the fact

6    that an agreement was reached on the material terms at the [mediation]." *Hosp. Housekeeping*

7    *Sys.*, 2013 WL 5817726, at \*7.

8          Moreover, on the question of what portion of the monetary award should be subject to W-2

9    withholdings, the agreement "specifies how to fill in the 'material' term[]" that Mason asserts is

10   "missing from the deal."  *Facebook*, 640 F.3d at 1038.  The agreement provides that, "Plaintiff

11   may designate a reasonable portion of this amount as compensation for emotional distress

12   damages, but defendant shall not bear any risk of a taxing authority overturning such designation."

13   ECF No. 43-2.  This was permissible under California law, which "allows parties to delegate

14   choices over terms, so long as the delegation is constrained by the rest of the contract and subject

15   to the implied covenant of good faith and fair dealing."  *Facebook*, 640 F.3d at 1038 (upholding

16   agreement that allowed Facebook to determine "the form & documentation of the acquisition of

17   ConnectU's shares [ ] consistent with a stock and cash for stock acquisition").  Mason chose not to

18   make any designation decision, which left MediFit to decide by default what portion of the

19   monetary settlement should be designated as emotional distress damages.[5]

20         The cases relied on by Mason are distinguishable.  For example, in *Jasnosz v. J.D. Ott Co.*,

21   the plaintiff wrote a letter to the defendant stating that he would be willing to accept 20% or some

22   other percentage of withholding, and the defendant responded with an offer of 28%.  No. C09-

23   952JLR, 2011 WL 219598, at \*4 (W.D. Wash. Jan. 24, 2011).  There was nothing in the record

24   indicating that the plaintiff agreed to the 28% figure, and the court found that there was neither an

25   offer nor an acceptance.  *Id.*  In addition, both parties indicated an intent to revise terms of the

26   settlement.  *Id.*  Here, by contrast, there is no question that the parties agreed on written settlement

27   ───────────────────────

28   [5] MediFit remains open to changing the withholding designation:  "If MediFit's withholdings choice should be changed, then that is easy to cure.  Whatever the reasonable withholdings should be, new settlement checks can be generated by a clerk."  ECF No. 55 at 3-4.

1  terms, including that Mason could designate the portion of the settlement payment that would be

2  subject to withholding as wages.  The actual amount of Mason's withholdings is not material.

3      Mason also relies on *Golden v. California Emergency Physicians Medical Group*, which

4  concerned the applicability of California Business and Professions Code section 16600 to a

5  settlement agreement in which the plaintiff "waive[d] any and all rights to employment with

6  [defendants] or at any facility that [defendants] may own or with which it may contract in the

7  future."[6]  782 F.3d 1083, 1083 (9th Cir. 2015).  That statute has no application to this case because

8  the agreement contains no restrictions on Mason's future employment.

9  **CONCLUSION**

10      MediFit's motion to enforce the signed mediator's proposal and enter judgment under

11  California Code of Civil Procedure section 664.6 is granted.  The Clerk shall enter judgment and

12  close the file.

13      Because the parties have not requested that the Court "retain jurisdiction over the parties to

14  enforce the settlement until performance in full of the terms of the settlement," the Court does not

15  do so.  Cal. Code Civ. Proc. § 664.6.

16      **IT IS SO ORDERED.**

17  Dated:  April 3, 2018

18                        JON S. TIGAR

19                       United States District Judge

20

21

22

23

24

25

26

27

28

---

[6] Section 16600 provides that, "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Cal. Bus. & Prof. Code § 16600.