UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA MASON,<br><br>    Plaintiff,<br><br>v.<br><br>MEDIFIT CORPORATE SERVICES, INC. DBA EXOS,<br><br>    Defendant. | Case No. 17-cv-02542-JST<br><br>**ORDER DENYING MOTION TO STAY EXECUTION OF JUDGMENT, TERMINATING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DENYING MOTION TO EXTEND TIME TO FILE APPEAL**<br><br>Re: ECF Nos. 61, 62, 70 |

Before the Court are Plaintiff Sheila Mason's motion to shorten time, motion to stay execution of judgment pending motion for reconsideration, application to proceed in forma pauperis, and motion to extend time to file notice of appeal. ECF Nos. 61, 62, 70.

Mason's application to proceed in forma pauperis is terminated as moot. ECF No. 62. No fees are currently due.

Her request to shorten time is granted in part and denied in part. ECF No. 61. She noticed her motion to stay for May 24, 2018, but simultaneously requested an order shortening time to April 19, 2018. The request for an order shortening time is denied. However, the Court finds the motion to stay suitable for resolution without oral argument, vacates the May 24 hearing, and now issues this ruling. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

As Defendants themselves acknowledge, it is unclear whether Mason intended her motion to stay "to also serve as a motion for relief from judgment," but "she appears to bring it under Rules 60(b)(1), (3), and (6) of the Federal Rules of Civil Procedure." ECF No. 67 at 4. Given Mason's pro se status, the Court liberally construes the motion as seeking relief under Rule 60(b). Mason filed her motion within 28 days after judgment was entered. *See* ECF No. 58 (judgment entered on April 3, 2018); ECF No. 61 (motion filed on April 16, 2018). Thus, the time to file an

appeal does not run until the date of this order. Fed. R. App. P. 4(a)(4)(A)(vi). Mason's motion to extend time to file a notice of appeal is therefore denied as moot. ECF No. 70.

In her motion to stay, Mason does not dispute that she signed the mediator's proposal that formed the basis of the judgment in this case. ECF No. 53 at 5 (signed mediator's proposal); ECF No. 57 (order granting Defendant's motion to enforce settlement). Instead, she argues that she was not "properly informed or advised by counsel during mediation . . . [or] leading up to mediation" and seeks to file a motion for reconsideration presenting facts to support that assertion. ECF No. 61 at 5-6. These arguments do not present an adequate basis to stay or set aside the judgment.[1] Under binding Ninth Circuit law, "[a] party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101-02 (9th Cir. 2006) (affirming denial of relief under Rule 60(b)(1)); *see also id.* at 1102-04 (affirming denial of relief under Rules 60(b)(3) and 60(b)(6)). To the contrary, "parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims." *Id.* at 1101; *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation. . . ."). Mason's motion for a stay of judgment is denied.[2] ECF No. 61.

---

[1] Mason's reply brief raises a different theory: that the judgment must be set aside because no one previously argued that federal law should govern interpretation of the agreement in this case. ECF No. 74 at 4-8. Mason relies on language from the dissenting opinion in *In Re J.T. Thorpe, Inc.*, which stated that the Ninth Circuit has "held that settlement agreements are typically governed by state law. But this is an atypical case because clear and substantial interests of the National Government will suffer major damage if the state law is applied." 870 F.3d 1121, 1131-32 (9th Cir. 2017) (Korman, J., dissenting) (quotation marks, alterations, and citations omitted). "Generally, the Court does not consider new arguments made for the first time in a reply brief." *Rodman v. Safeway Inc.*, 125 F. Supp. 3d 922, 930 (N.D. Cal. 2015), *aff'd*, 694 F. App'x 612 (9th Cir. 2017). But even if the Court were to consider this argument, it would not change the result. *Thorpe* implicated federal interests because it concerned asbestos trusts created under federal bankruptcy law. *Thorpe*, 870 F.3d at 1123. No similar federal interest exists here.

[2] Although Mason seeks a stay pending appeal, she has not filed an appeal.

2

1 Mason's implicit request for leave to file a motion for reconsideration is also denied. As explained above, even if Adams failed to provide proper legal advice, that would not justify setting aside the judgment based on the signed mediator's proposal. Mason's arguments as to the inadequacies of her attorney are therefore not material – i.e., they would not affect the outcome of this case. *See* Civil L.R. 7-9(b)(1) (when a party seeks reconsideration based on a "difference in fact or law . . . from that which was presented to the Court," that difference must be "material").

**IT IS SO ORDERED.**

Dated: May 9, 2018

_____
JON S. TIGAR
United States District Judge